IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KEVIN EARL ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 314-060 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

_____

**O R D E R**
_____

On July 31, 2015, United States District Judge Dudley H. Bowen, Jr., over the Acting Commissioner's objection, granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 18, 19, 20.) Plaintiff now moves for a total of $2,904.83 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). (Doc. no. 21.) The Commissioner objects, claiming that Plaintiff is not entitled to any award under EAJA because the Commissioner's position on appeal was substantially justified. (Doc. no. 26.) For the reasons stated more fully below, the Court **GRANTS** Plaintiff's motion and awards attorney's fees in the amount of $2,886.47 and expenses in the amount of $18.36.

## I. DISCUSSION

### A. The Commissioner's Position Was Not Substantially Justified.

"Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. § 2412(d)(1)(A)). The government bears the burden of proving that its position was substantially justified. Jefferson v. Bowen, 837 F.2d 461, 462 (11th Cir. 1988). The government's position is substantially justified when it has a reasonable basis in both law and fact. Stratton v. Bowen, 827 F.2d 1447, 1449 (11th Cir. 1987); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (approving Eleventh Circuit's formulation of "reasonable basis in law and fact" to test substantial justification).

On appeal, Plaintiff argued that the Administrative Law Judge ("ALJ") erred at step two of the sequential process because she did not find that Plaintiff's right shoulder injury was a severe impairment, and in particular, that the ALJ did not properly evaluate and assign weight to the opinion of consultative examiner, Vasudev Kulkarni, M.D., in rejecting Plaintiff's shoulder injury as a severe impairment. (Doc. no. 13, pp. 4, 6-8.) The Commissioner argued that the ALJ did properly evaluate Dr. Kulkarni's opinion, but even if the ALJ erred, the error was harmless because the ALJ found some severe impairments and continued with the sequential process. (Doc. no. 14, pp. 5-6.)

The Court rejected the Commissioner's position, reasoning that the ALJ's opinion did not reflect she considered the entirety of Dr. Kulkarni's findings, or if she did, why she rejected the portions that conflicted with her ultimate decision to reject the shoulder injury as

2

a severe impairment or otherwise include any restrictions in the residual functional capacity determination in specific consideration of Plaintiff's shoulder injury. (Doc. no. 16, pp. 8-13.) Indeed, when the Commissioner objected to the undersigned's recommendation for remand, Judge Bowen overruled the objections, specifically rejecting the Commissioner's oft-repeated argument that step two error may be dismissed as harmless under the circumstances of this case, as set forth in detail in the Report and Recommendation. Judge Bowen stated:

> Specifically, none of the other severe impairments identified in the administrative decision accounted for limitations that might be indicated by the effects of Plaintiff's potentially severe shoulder injury. As the Magistrate Judge also explained, although the administrative decision addressed Dr. Kulkarni's report beyond step two in the sequential process, there was no explanation for accepting certain portions that support the final administrative decision but ignoring portions suggesting limitations that were not accepted by the Acting Commissioner.

(Doc. no. 19, p. 2 (citing doc. no. 16, pp. 9-10.)

The Court continues to recognize the general proposition of law in the Eleventh Circuit that step two error may be dismissed as harmless so long as at least one severe impairment is identified and the analysis proceeds to step three. See, e.g., Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). However, that general principle does not apply in light of the circumstances of this case in which the cumulative effect of the error in analyzing Plaintiff's shoulder injury carried forward through the entirety of the sequential evaluation process.

Importantly, "the ALJ failed to offer any explanation for accepting the portions of [Dr. Kulkarni's] report that supported the ALJ's conclusion of a non-severe shoulder impairment but giving no weight to the portions of the report suggesting that an in-person examination revealed tenderness and reduced range of motion in the right shoulder." (Doc.

3

no. 16, p. 10.) The law is long-settled, "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986). Thus, the Commissioner's position did not have a reasonable basis in law and fact, and EAJA fees and expenses should be awarded.

**B. The Award Is Payable to the Litigant.**

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the

4

plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II. CONCLUSION

The Court **GRANTS** Plaintiff's motion and awards EAJA fees and expenses in the total amount of $2,904.83, (doc. no. 21), but the Court will not direct the manner in which the award is to be paid.

SO ORDERED this 2nd day of October, 2015, at Augusta, Georgia.

```
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```